## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| CAROLYN PERLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIME INC., a Delaware Corporation,<br><br>Defendant. | Case No. 2:16-cv-10635-GCS-SDD<br><br>Hon. George C. Steeh |

## SUPPLEMENT TO TIME'S MOTION TO DISMISS
## PURSUANT TO RULES 12(b)(1) AND 12(b)(6)

Defendant Time Inc. ("Time") hereby submits this Supplement to Time's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), pursuant to the Stipulation and Order entered on May 20, 2016 (ECF 12).

## <u>ISSUE PRESENTED</u>

1.      Whether Plaintiff lacks Article III standing, under *Spokeo v. Robbins*, to pursue her VRPA claim.

**Defendant's Answer:  Yes.**

## <u>CONTROLLING OR MOST IMPORTANT AUTHORITY</u>

*Spokeo Inc. v. Robins*, No. 13-1339, 578 U.S. __, 2016 WL 2842447 (May 16, 2016).

# **TABLE OF CONTENTS**

ISSUE PRESENTED ................................................................................. i

CONTROLLING OR MOST IMPORTANT AUTHORITY ................................. ii

TABLE OF AUTHORITIES ...................................................................... iv

PRELIMINARY STATEMENT .................................................................. 1

BACKGROUND ...................................................................................... 2

A.   The Supreme Court's Decision in *Spokeo v. Robins*. ..................... 2

ARGUMENT .......................................................................................... 3

I.   PLAINTIFF LACKS ARTICLE III STANDING TO PURSUE HER
VRPA CLAIM .................................................................................. 3

    A.   *Spokeo* Makes Clear That Plaintiff Cannot Rely on a Bare
Violation of the VRPA as Her Injury-In-Fact ............................ 3

    B.   Allegations That Plaintiff Overpaid For, or Would Not Have
Purchased, Her Subscription Do Not Confer Standing .............. 7

CONCLUSION ....................................................................................... 8

# <u>TABLE OF AUTHORITIES</u>

<u>**Cases**</u>

*American Atheists, Inc. v. City Of Detroit Downtown Development Authority*,
  567 F.3d 278 (6th Cir. 2009) .................................................................. 3

*Beaudry v. TeleCheck Services, Inc.*,
  579 F.3d 702 (6th Cir. 2009) ............................................................... 5, 6

*Carlsen v. GameStop, Inc.*,
  112 F. Supp. 3d 855 (D. Minn. 2015) ...................................................... 7

*Church of Scientology of California v. United States*,
  506 U.S. 9 (1992) ..................................................................................... 3

*Coulter-Owens v. Time Inc.*,
  2:12-cv-14390, 2016 WL 612690 (E.D. Mich. Feb. 16, 2016) ............... 4

*Doe v. Boland*,
  698 F.3d 877 (6th Cir. 2012) ................................................................... 3

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*,
  528 U.S. 167 (2000) ................................................................................. 3

*Galaria v. Nationwide Mutual Insurance Co.*,
  998 F. Supp. 2d 646 (S.D. Ohio 2014) .................................................... 8

*Halaburda v. Bauer Publishing Co.*,
  No. 12-CV-14390, 2013 WL 4012827 (E.D. Mich. Aug 6, 2013) ...... 4, 5

*Hollingsworth v. Perry*,
  133 S. Ct. 2652 (2013) ............................................................................. 7

*Low v. LinkedIn Corp.*,
  No. 11–CV–01468, 2011 WL 5509848 (N.D. Cal. Nov. 11, 2011) .... 7, 8

*Spokeo Inc. v. Robins*,
  No. 13-1339, 578 U.S. __, 2016 WL 2842447 (May 16, 2016) ...... *passim*

*United States v. Lucido*,
  612 F.3d 871 (6th Cir. 2010) ...................................................................... 6

## **Statutes, Rules and Other Authorities**

Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6) ............................................. 1

M.C.L. §§ 445.1712 .................................................................................. 4

**PRELIMINARY STATEMENT**

The Supreme Court's recent decision in S*pokeo Inc. v. Robins* ("*Spokeo*") further supports Time's argument that Plaintiff's Complaint should be dismissed because Plaintiff lacks standing. *Spokeo* clarifies that a "bare procedural violation" of a statute does not constitute injury-in-fact sufficient to satisfy Article III. Rather, "Article III standing requires a concrete injury even in the context of a statutory violation." To be "concrete," an injury "must actually exist." Here, Plaintiff's Complaint does not plausibly allege that she suffered any concrete injury that actually exists (or a material risk of future injury). The closest it comes are the conclusory and unsupported allegations that Plaintiff overpaid for, or would not have purchased, her subscription had she known about Time's practices. But as set forth more fully in Time's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) ("Motion"), ECF 10 at 19-20, such "overpayment" and "would not have shopped" theories cannot satisfy the injury-in-fact requirement. And *Spokeo* makes clear that Plaintiff cannot rely entirely on an alleged procedural violation of Michigan's Video Rental Privacy Act (the "VRPA") as her injury-in-fact. Left without any cognizable injury in fact Plaintiff lacks Article III standing and her claim must be dismissed.

1

# BACKGROUND[1]

## A.    The Supreme Court's Decision in *Spokeo v. Robins*

On May 16, 2016, the Supreme Court decided *Spokeo Inc. v. Robins*, No. 13-1339, 578 U.S. __ (May 16, 2016), Slip Op. Plaintiff Thomas Robins had alleged that Spokeo.com violated the Fair Credit Reporting Act ("FCRA") by disseminating inaccurate information about his financial and educational status and other personal details.  The district court dismissed Robins' case for lack of standing. *Id.* at 4. The Ninth Circuit reversed, holding that where a statute does not require proof of actual damages, a plaintiff can sue based on the statutory violation alone. *Id.* at 4-5. The Supreme Court vacated the Ninth Circuit's ruling, finding that a plaintiff does not "automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 9. Rather, "Article III standing requires a concrete injury even in the context of a statutory violation," or at least a "material risk of harm." *Id*. at 9, 11. A "bare procedural violation" is not enough. *Id*. at 9, 10.

---

[1] Time's Motion sets forth the relevant background, including the relevant history of the Coulter-Owens case.  *See* Motion at 3-5.

## ARGUMENT

### I. PLAINTIFF LACKS ARTICLE III STANDING TO PURSUE HER VRPA CLAIM

#### A. *Spokeo* Makes Clear That Plaintiff Cannot Rely on a Bare Violation of the VRPA as Her Injury-In-Fact

Plaintiff's Complaint should be dismissed because *Spokeo* clarifies that a plaintiff cannot rely solely on the mere violation of a statute as an injury-in-fact sufficient to confer Article III standing. To establish Article III standing, a plaintiff must demonstrate (1) cognizable injury-in-fact, (2) traceable to the defendant's alleged conduct, and (3) redressable by judicial decision. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). To satisfy the injury-in-fact prong, a plaintiff must allege an "actual … invasion of a concrete and particularized legally protected interest." *Doe v. Boland*, 698 F.3d 877, 882 (6th Cir. 2012) (internal quotation marks and citation omitted). The *Spokeo* decision clarifies that a plaintiff cannot rely on a bare statutory violation as injury-in-fact sufficient to confer subject matter jurisdiction under Article III.[2]

---

[2] The fact that Plaintiff filed her Complaint prior to the *Spokeo* decision does not change the outcome. Article III's requirements extend throughout "all stages of federal judicial proceedings, trial and appellate." *Am. Atheists, Inc. v. City Of Detroit Downtown Dev. Auth.*, 567 F.3d 278, 287 (6th Cir. 2009). Under Article III, when a plaintiff loses standing during the pendency of the proceedings in the district court or the appellate courts, the matter becomes moot, and the court loses jurisdiction. *Church of Scientology of Cal. v. U. S.*, 506 U.S. 9, 12 (1992). Thus, even if Plaintiff had standing when she filed her Complaint, she no longer does.

In her Complaint, Perlin's sole allegation against Time is that it disclosed "information that identifies [her] as having purchased a subscription to People," which she calls her "Personal Reading Information." Compl., ECF 1, ¶ 34. She complains about disclosures to so-called "data miners" and "database cooperatives." *Id*. ¶ 35. Although she names no data miner or database cooperative specifically, the disclosures she complains of appear to be the very same disclosures to Acxiom and Wiland complained of by plaintiff in the dismissed Coulter-Owens case.[3] *Coulter-Owens v. Time Inc.*, 2:12-cv-14390, 2016 WL 612690 (E.D. Mich. Feb. 16, 2016) ("*Coulter-Owens*").  Perlin does not identify any risk of future harm emanating from these disclosures, claiming only that Time's disclosure of her so-called Personal Reading Information violates the VRPA. Compl. ¶ 4.

These allegations are similar to the allegations in *Coulter-Owens*. At the motion to dismiss stage in *Coulter-Owens*, this Court held that "it was unclear ... whether plaintiff[] could articulate any injury other than a violation of the statute." *Halaburda v. Bauer Pub. Co.*, No. 12-CV-14390, 2013 WL 4012827, *4 (E.D. Mich. Aug 6, 2013). It nevertheless relied on the Sixth Circuit's decision in *Beaudry v.*

---

[3] Plaintiff's claims ultimately fail because such conduct does not violate the VRPA. Disclosures to Acxiom are permitted because the VRPA authorizes disclosures to agents, and disclosures to Wiland fall within the VRPA's direct marketing exception. M.C.L. §§ 445.1712; 445.1713(d). Moreover, Time stopped disclosing Michigan subscriber data to Wiland in 2013, two years before Perlin alleges she subscribed. Motion, Exhibit A ECF 10-1 at 4.

*TeleCheck Servs., Inc.*, 579 F.3d 702 (6th Cir. 2009) to find that Plaintiff had alleged a sufficient injury-in-fact to confer standing. *Halaburda*, 2013 WL 4012827 at *5. In particular, the Court pointed to *Beaudry's* pronouncement that a plaintiff alleging solely a bare violation of a statute without alleging actual injury has Article III standing because Congress "has the power to create new legal rights, [including] right[s] of action whose only injury-in-fact involves the violation of that statutory right." *Id.* (quoting *Beaudry*, 579 F. 3d at 707).[4] *Spokeo*, however, clarified that "Congress' role in identifying and elevating intangible harms ***does not mean*** that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo* at 9 (emphasis added). Rather, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

Under *Spokeo*, Plaintiff's allegations of a violation of the VRPA are no longer sufficient to confer standing. *Spokeo* makes clear that Article III requires a plaintiff

---

[4] The plaintiff in *Coulter-Owens* similarly relied on the mere violation of the statute to satisfy Rule 23's requirements for class certification. *See Coulter-Owens*, June 2, 2015 Mot. Hrg. Tr. at 47:15-21 ("[We] told [Time] over and over again that we're not pursuing those theories of actual harm. We're pursuing statutory damages under the VRPA."). *See also*, *Coulter-Owens*, ECF No. 117 at 15 ("plaintiff, as well as the remainder of the class are not proceeding under a theory of actual damages."). She did so again at summary judgment where she did not allege (let alone introduce evidence of) actual injury to her or the class from Time's alleged disclosures in either her affirmative motion for summary judgment or in opposition to Time's motion to summary judgment.

5

to show "concrete and particularized" injury, with concrete meaning "'real,'" "not 'abstract,' and "it must actually exist." *Spokeo* at 8. While Congress can identify intangible harms not previously recognized at law, a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Id.* at 11. Thus, the Supreme Court explained that the plaintiff in *Spokeo* "could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."[5]

So too here, allegations of a bare procedural violation of the VRPA without any resulting concrete harm do not satisfy the injury-in-fact requirement of Article III. To the extent *Beaudry* dictated a different result, it has now been overruled. *See U.S. v. Lucido*, 612 F.3d 871, 876 (6th Cir. 2010) ("Although a prior decision by a panel of this Court is controlling authority in subsequent cases, an inconsistent decision of the United States Supreme Court requires modification of the earlier panel decision.") (internal quotations omitted). After *Spokeo*, Plaintiff cannot write her own ticket to federal court by asserting Time's (alleged) violation of the VRPA alone as her injury-in-fact.

---

[5] While the Court in *Spokeo* remanded for determination of whether alleged falsities in plaintiff's credit report "entail a degree of risk" of harm "sufficient to meet the concreteness requirement" (*id.* at 11), there are no false statements or any other grounds for alleging a concrete "material risk of harm" in this case. *Id.*

The fact that the VRPA is a state statute does not affect *Spokeo's* dispositive effect. "States cannot alter [the role of federal courts] simply by issuing to private parties who otherwise lack standing a ticket to the federal courthouse." *See Hollingsworth v. Perry*, 133 S. Ct. 2652, 2658 (2013). Thus, *Spokeo's* admonition that "Article III standing requires a concrete injury even in the context of a statutory violation," applies regardless of which legislative body enacted the statute. *See Spokeo,* at 9.  Time's alleged violation of the VRPA is not an injury-in-fact sufficient to confer Article III standing.

### B.   Allegations That Plaintiff Overpaid For, or Would Not Have Purchased, Her Subscription Do Not Confer Standing

As set forth more fully in Time's Motion, Plaintiff's allegation that she paid more for the subscription than she would have had she known about Time's alleged practices or that she would not have paid at all is not enough to confer standing.  As an initial matter, her conclusory allegations are not supported by any facts. Moreover, "overpayment" and "would not have shopped" theories do not suffice under Article III. Indeed, "[c]ourts have generally found 'overpayment' theories insufficient to establish injury, even in situations involving highly sensitive PII"— which magazine titles are not.  *Carlsen v. GameStop, Inc.*, 112 F. Supp. 3d 855, 861 (D. Minn. 2015) (holding that "overpayment" and "would not have shopped" allegations did not establish injury-in-fact). *See also Low v. LinkedIn Corp*, No. 11–CV–01468, 2011 WL 5509848, at *4–5 (N.D. Cal. Nov. 11, 2011) (finding

7

allegation "that [plaintiff] was not justly compensated for [defendant's] transfer of his personal data" was "too abstract and hypothetical to support Article III standing"); *Galaria v. Nationwide Mut. Ins. Co.*, 998 F. Supp. 2d 646, 658 (S.D. Ohio 2014) (refusing to find "that the loss of privacy alone constitutes an injury sufficient to confer standing). Thus, none of these allegations can constitute a legally cognizable injury-in-fact sufficient to confer Article III standing.

## CONCLUSION

For the foregoing reasons, and those set forth in Time's Motion, Time respectfully requests that the Court grant its Motion and dismiss Plaintiff's Complaint in its entirety, with prejudice.


Dated:  May 31, 2016          /s/ Jeffrey Landis
                              Marc Zwillinger
                              Jacob Sommer
                              Jeffrey Landis
                              Nury Siekkinen
                              ZWILLGEN PLLC
                              1900 M St. NW, Ste. 250
                              Washington, DC 20036
                              (202) 706-5203

                                     and

Robert M. Jackson (P40723)
Arthur T. O'Reilly (P70406)
HONIGMAN MILLER SCHWARTZ AND COHN, LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
(313) 465-7400
rjackson@honigman.com
aoreilly@honigman.com

*Counsel for Defendant Time Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 31, 2016, I electronically filed the foregoing Supplement to Time's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) with the Clerk of the Court via the ECF system, which will send a notification of such filing to all counsel of record.

/s/ Jeffrey Landis
Jeffrey Landis