# Exhibit 1

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CAROLYN PERLIN, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>TIME INC., a Delaware Corporation,<br><br>     Defendant. | Case No. 2:16-cv-10635<br><br>Hon. George Caram Steeh |

### CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Carolyn Perlin ("Plaintiff"); (ii) the Settlement Class (as defined herein); and (iii) Defendant Time Inc. ("Time" or "Defendant"), a wholly owned subsidiary of Meredith Corporation ("Meredith"). The Settlement Class and Plaintiff Perlin are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiffs and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

### RECITALS

A. This putative class action arises from Defendant's alleged disclosure of its customers' personal information to third parties in violation of the Michigan Video Rental Privacy Act, M.C.L. §§ 445.1711–15 ("VRPA"). (Dkt. 1.)

B. While this case was filed in February 2016, it is related to a nearly identical class action captioned *Coulter-Owens v. Time Inc.*, Case No. 2:12-cv-14390-GCS-MKM (E.D. Mich.) (hereafter referred to as the "Coulter-Owens matter"), which Class Counsel litigated on behalf of

1

a different putative class representative and a different class of subscribers.

      **C.**     The Coulter-Owens matter was extensively litigated over two years, which consisted of, among other things, extensive discovery, including depositions, dispositive motion practice, including two rounds of briefing on motions to dismiss, adversarial class certification, and cross motions for summary judgment, and an appeal to the Sixth Circuit. Ultimately, the court granted, and the Sixth Circuit affirmed, Defendant's motion for summary judgment, holding that class members who purchased their subscriptions from third-parties did not purchase from Time "at retail."

      **D.**     Based on the Sixth Circuit's opinion, Plaintiff, acting as the putative class representative for consumers who purchased magazine subscriptions "at retail" directly from Time Inc., brought this follow on putative class action on February 19, 2016. Plaintiff purchased her subscription to *People* magazine by returning a promotional postcard to Time Inc.

      **E.**     In response to Plaintiff's Complaint, on May 6, 2016, Defendant filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6), arguing that Plaintiff Perlin lacked Article III standing and failed to state a claim upon which relief could be granted. (Dkt. 10.) Plaintiff filed her opposition brief on June 27, 2016 (Dkt. 14), and Defendant filed its reply brief on July 11, 2016. (Dkt. 16.) After full briefing, on February 15, 2017, the Court entered an Order denying Defendant's motion to dismiss in full. (Dkt. 20.)

      **F.**     Defendant thereafter answered Plaintiff's Complaint on March 1, 2107 by denying the allegations and raising seventeen (17) affirmative defenses. (Dkt. 29.)

      **G.**     Soon after entry of the Court's Case Management and Scheduling Order on September 20, 2017 (Dkt. 34), the Parties exchanged initial disclosures and served written discovery on each other and eight third parties.

**H.**     Over the next five months, the Parties engaged in substantial class- and merits-related discovery, which included the production and review of thousands of documents, numerous meet-and-confer conferences, and the scheduling of depositions for both Plaintiff Perlin and a corporate representative from Time. Discovery revealed that Online Purchasers of subscriptions through Time websites, including People.com, were presented with a privacy policy that describes Time's collection and disclosure of Michigan Subscriber Information.

**I.**     Before taking the scheduled depositions, however, the Parties engaged in settlement discussions in an effort to resolve the case without the expense of further litigation. After multiple rounds of arms'-length negotiations between counsel, the Parties ultimately reached agreement on the principal terms of this Settlement Agreement.

**J.**     At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

**K.**     Plaintiff believes that the claims asserted in the Action against Defendant have merit and that she would have succeeded in certifying a class and prevailed at summary judgment and/or trial, except on behalf of Online Purchasers, given the disclosure of Time's

3

privacy policy to those individuals. Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiffs may not prevail, even as to purchasers other than the Online Purchasers. Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Defendant, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

**1.     DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1**    **"Action"** means *Perlin v. Time Inc.*, Case No. 2:16-cv-10635-GCS-MKM, pending in the United States District Court for the Eastern District of Michigan.

**1.2**    **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.

**1.3**    **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment, shall be available in electronic and paper format in the manner described below.

**1.4**    **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no later than forty-five (45) days after entry of the Final Judgment. The Claims Deadline shall be clearly set forth in the Order for Notice and Hearing as well as in the Notice and the Claim Form.

**1.5**    **"Class Counsel"** means Eve-Lynn Rapp, Ari J. Scharg, Benjamin S. Thomassen, and Schuyler R. Ufkes of Edelson PC.

**1.6**    **"Class Representative"** means the named Plaintiff in this Action, Carolyn Perlin.

**1.7**    **"Court"** means the United States District Court for the Eastern District of Michigan, the Honorable George Caram Steeh presiding, or any judge who shall succeed him as the Judge in this Action.

**1.8**    **"Defendant"** means Time Inc., the defendant in the Action.

**1.9** **"Defendant's Counsel"** means Jacob Sommer and Jeffrey Landis of ZwillGen PLLC.

**1.10** **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.11** **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendant into the Escrow Account and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

**1.12** "**Fee Award***" means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.13** **"Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the

final dismissal of any proceeding on *certiorari*.

1.14 **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representative.

1.15 **"Final Judgment"** or **"Final Settlement Order"** means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

1.16 **"Michigan Subscriber Information"** means the combination of a Person's name and the title(s) and/or interest information derived solely from the title of a Time Publication to which such Person currently subscribes and/or has previously subscribed, where the Person's street address is in the state of Michigan.

1.17 **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process and Rule 23, and is substantially in the form of Exhibits B, C, and D hereto.

1.18 **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than twenty-one (21) days after Preliminary Approval.

1.19 **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

1.20 **"Online Purchasers"** shall mean those Persons who purchased subscriptions

through websites owned or operated by Time**.**

**1.21** **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.22** **"Plaintiffs"** means Carolyn Perlin and the Settlement Class Members.

**1.23** **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

**1.24** **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiff's motion for preliminary approval of the Agreement.

**1.25** **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VRPA or other federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts,

transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' magazine subscription information, including all claims that were brought or could have been brought in the Action relating to the disclosure of such information belonging to any and all Releasing Parties. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendant.

1.26    **"Released Parties"** means Defendant Time Inc., as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, including but not limited to any purchasers of any Time assets or publications, assigns, parent companies, including but not limited to Meredith Corporation, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.27    **"Releasing Parties"** means Plaintiff, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

**1.28** **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims, responding to inquiries from members of the Settlement Class, mailing checks for Approved Claims, and related services.

**1.29** **"Settlement Administrator"** means Kurtzman Carson Consultants, LLC, or such other reputable administration company that has been selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement.

**1.30** **"Settlement Class"** means all persons with Michigan street addresses who purchased a subscription to a Time Publication directly from Time, but excluding Online Purchasers, between February 19, 2013 and February 19, 2016. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; (4) Online Purchasers, and (5) the legal representatives, successors or assigns of any such excluded persons.

**1.31** **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

**1.32** **"Settlement Fund"** means the non-reversionary cash fund that shall be established by Defendant in the total amount of Seven Million Four Hundred Thousand Dollars ($7,400,000.00) to be deposited into the Escrow Account, plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by

Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total monetary obligation with respect to this Agreement exceed or be less than Seven Million Four Hundred Thousand Dollars ($7,400,000.00), plus the interest earned on such sum.

**1.33** **"Time Publication"** means any one of the following print magazines: Cooking Light, Coastal Living, Health, Southern Living, Sunset, This Old House, All You, Big Picture, Essence, Edge, Entertainment Weekly, Fortune, Golf, InStyle, Travel & Leisure, Time, Time for Kids, People, People En Español, People Style, Money, Sports Illustrated, Sports Illustrated Kids, Real Simple, Food & Wine, and Wallpaper.

**1.34** **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

2.     **SETTLEMENT RELIEF.**

2.1     **Payments to Settlement Class Members.**

(a)     Defendant shall pay or cause to be paid into the Escrow Account the amount of the Settlement Fund ($7,400,000.00) within fourteen (14) business days after Preliminary Approval.

(b)     Settlement Class Members shall have until the Claims Deadline to submit an Approved Claim. Each Settlement Class Member with an Approved Claim shall be entitled to a *pro rata* portion of the Settlement Fund by check after deducting the Settlement Administration Expenses, any Fee Award, and any incentive award for the Class Representative.

(c)     Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check.

(d)      All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that a check issued to a Settlement Class Member is not cashed within ninety (90) days after the date of issuance, such funds shall, subject to Court approval, revert to the Michigan Bar Foundation's Access to Justice Fund.

**2.2     Prospective Relief**.

(a)      For a period of two (2) years following the Effective Date, except as provided in paragraphs 2.2(b)-(c) below, Defendant agrees not to knowingly disclose any Michigan Subscriber Information to any third-party companies without the prior express written consent of the affected subscribers.

(b)      Nothing in this Settlement Agreement shall prevent Defendant from disclosing Michigan Subscriber Information to third parties in the ordinary course of business as may be reasonably required to produce, deliver, bill, collect payment for, renew, and otherwise manage, market, and fulfill orders for the Time Publications and other products and services offered by Time.

(c)      Nothing in this Settlement Agreement shall prohibit the transfer by Defendant of Michigan Subscriber Information to a third party in connection with a sale, merger, licensing agreement (or termination of a licensing agreement) or other transaction that transfers control over all or substantially all of the assets of a Time Publication or operating division that collects or processes Michigan Subscriber Information in the ordinary course of its business to such third party, or to any third party with which Time publishes and/or operates a Time Publication, provided that such third party agrees to treat any Michigan Subscriber Information it acquires in accordance with Defendant's obligations under Section 2.2 of this Agreement.

13

(d)     Nothing contained in this Section 2 shall be construed as imposing any greater obligations on Defendant beyond that contained in the VRPA, including any amendments thereof, nor does anything in Section 2 restrict disclosure of information that would otherwise be permitted by the VRPA.

3.     **RELEASE.**

**3.1**     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2**     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

4.     **NOTICE TO THE CLASS.**

**4.1**     The Notice Plan shall consist of the following:

(a)     *Settlement Class List*.  No later than fourteen (14) business days after the execution of this Agreement, Defendant shall produce an electronic list from its records that includes the names, last known U.S. Mail addresses, and email addresses, to the extent available, belonging to persons within the Settlement Class. This electronic document shall be called the "Class List," and shall be provided to the Settlement Administrator with a copy to Class Counsel. Providing the Class List shall be Time's sole obligation with respect to the Notice Plan.

(b)     *Direct Notice via Email.*  No later than fourteen (14) days from Preliminary Approval, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit B, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is identified in Defendant's records. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, if

possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

(c)     *Direct Notice via U.S. Mail*.  No later than twenty-one (21) days from Preliminary Approval, the Settlement Administrator shall send notice substantially in the form attached as Exhibit C and a postcard Claim Form with return postage prepaid via First Class U.S. Mail to all Settlement Class Members who did not receive an email pursuant to Paragraph 4.1(b), above.

(d)     *Settlement Website*.  Within ten (10) days from Preliminary Approval, Notice shall be provided on a website at www.[settlement website].com, which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line, provided that such Claim Forms, if signed electronically, will be binding for purposes of applicable law and contain a statement to that effect. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit D hereto.

(e)     *CAFA Notice*.  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

**4.2**     The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and

specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

4.3    Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including the Time Publication(s) to which he or she is or was a subscriber; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

4.4    A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the name of the Time Publication(s) to which he or she is a subscriber, a signature, the name and number of the case, and a statement that he or

she wishes to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

**4.5** The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.1(e) is provided.

**4.6** Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class or timely file a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

## 5.    SETTLEMENT ADMINISTRATION.

**5.1** The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational,

responsive, cost effective, and timely manner. The Settlement Administrator shall maintain

reasonably detailed records of its activities under this Agreement. The Settlement Administrator

shall maintain all such records as are required by applicable law in accordance with its normal

business practices and such records will be made available to Class Counsel and Defendant's

Counsel upon request. The Settlement Administrator shall also provide reports and other

information to the Court as the Court may require. The Settlement Administrator shall provide

Class Counsel and Defendant's Counsel with information concerning Notice, administration, and

implementation of the Settlement Agreement. Should the Court request, the Parties shall submit

a timely report to the Court summarizing the work performed by the Settlement Administrator,

including a report of all amounts from the Settlement Fund paid to Settlement Class Members on

account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

     **(a)**     Forward to Defendant's Counsel, with copies to Class Counsel, all original

documents and other materials received in connection with the administration of the Settlement,

and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been

finally approved or disallowed in accordance with the terms of this Agreement;

     **(b)**     Receive requests to be excluded from the Settlement Class and other

requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the

Settlement Administrator receives any exclusion forms or other requests after the deadline for

the submission of such forms and requests, the Settlement Administrator shall promptly provide

copies thereof to Class Counsel and Defendant's Counsel;

     **(c)**     Provide weekly reports to Class Counsel and Defendant's Counsel,

including without limitation, reports regarding the number of Claim Forms received, the number

approved by the Settlement Administrator, and the categorization and description of Claim

Forms rejected, in whole or in part, by the Settlement Administrator; and

        **(d)**     Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

      **5.2**     The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement, or (b) provide full and complete information as requested on the Claim Form. In the event a Person submits a timely Claim Form by the Claims Deadline where the Person appears on the Settlement Class List but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such Person one (1) reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than thirty (30) calendar days after the Claims Deadline. In the event the Settlement Administrator receives such information more than thirty (30) days after the Claims Deadline, then any such claim shall be denied. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

      **5.3**     Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to the Honorable Wayne R. Andersen (ret.) of JAMS for binding

determination.

**5.4** In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

## 6. TERMINATION OF SETTLEMENT.

**6.1** Subject to Paragraphs 9.1–9.3 below, Defendant or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**6.2** If prior to the Final Approval Hearing Persons who otherwise would be members of the Settlement Class have timely requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such Persons in the aggregate constitute more than 5 percent of the Settlement Class, Defendant shall have, in its sole and absolute discretion, the option to terminate this settlement in accordance with the procedures set forth in paragraph 6.1.

7.      **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

**7.1**      Promptly after the execution of this Settlement Agreement, Class Counsel shall

submit this Agreement together with its Exhibits to the Court and shall move the Court for

Preliminary Approval of the settlement set forth in this Agreement; certification of the

Settlement Class for settlement purposes only; appointment of Class Counsel and the Class

Representative; and entry of a Preliminary Approval Order, which order shall set a Final

Approval Hearing date and approve the Notice and Claim Form for dissemination substantially

in the form of Exhibits A, B, C, and D hereto. The Preliminary Approval Order shall also

authorize the Parties, without further approval from the Court, to agree to and adopt such

amendments, modifications and expansions of the Settlement Agreement and its implementing

documents (including all exhibits to this Agreement) so long as they are consistent in all material

respects with the terms of the Final Judgment and do not limit or impair the rights of the

Settlement Class.

**7.2**      At the time of the submission of this Agreement to the Court as described above,

Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing

and approve the settlement of the Action as set forth herein.

**7.3**      After Notice is given, the Parties shall request and seek to obtain from the Court a

Final Judgment, which will (among other things):

**(a)**      find that the Court has personal jurisdiction over all Settlement Class

Members and that the Court has subject matter jurisdiction to approve the Agreement, including

all exhibits thereto;

**(b)**      approve the Settlement Agreement and the proposed settlement as fair,

reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct

the Parties and their counsel to implement and consummate the Agreement according to its terms

and provisions; and declare the Agreement to be binding on, and have *res judicata* and

preclusive effect in all pending and future lawsuits or other proceedings maintained by or on

behalf of Plaintiffs and the Releasing Parties;

      **(c)**     find that the Notice implemented pursuant to the Agreement (i) constitutes

the best practicable notice under the circumstances; (ii) constitutes notice that is reasonably

calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the

Action, their right to object to or exclude themselves from the proposed Agreement, and to

appear at the Final Approval Hearing; (iii) is reasonable and constitutes due, adequate, and

sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable

requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United

States Constitution, and the rules of the Court;

      **(d)**     find that the Class Representative and Class Counsel adequately represent

the Settlement Class for purposes of entering into and implementing the Agreement;

      **(e)**     dismiss the Action (including all individual claims and Settlement Class

Claims presented thereby) on the merits and with prejudice, without fees or costs to any Party

except as provided in the Settlement Agreement;

      **(f)**     incorporate the Release set forth above, make the Release effective as of

the Effective Date, and forever discharge the Released Parties as set forth herein;

      **(g)**     permanently bar and enjoin all Settlement Class Members who have not

been properly excluded from the Settlement Class from filing, commencing, prosecuting,

intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in

any jurisdiction based on the Released Claims;

**(h)**      without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

**(i)**      incorporate any other provisions, as the Court deems necessary and just.

**8.      CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

**8.1**      Defendant agrees that Class Counsel is entitled to be paid from the Settlement Fund reasonable attorneys' fees and reimbursement of their expenses, in an amount approved by the Court and said amount shall serve as the Fee Award. The Fee Award shall be determined by the Court on the petition of Class Counsel. Without the Parties having discussed the issue of attorneys' fees at any point in their negotiations, and with no consideration given or received, Class Counsel agrees to limit its petition for attorneys' fees and reimbursement of expenses to no more than forty percent (40%) of the Settlement Fund or Two Million Nine Hundred Sixty Thousand US Dollars ($2,960,000.00). Payment of the Fee Award shall be made from the Settlement Fund and should Class Counsel seek or be awarded less than this amount, the difference in the amount sought and/or the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to the claiming Settlement Class Members.

**8.2**      The Fee Award shall be payable within seven business (7) days after entry of the Court's Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibit E, and providing all payment routing information and tax I.D. numbers for Class Counsel. Payment of the Fee Award shall be made by wire transfer to Edelson PC in accordance with wire instructions to be provided to the Settlement Administrator by Edelson PC, after completion of necessary forms, including

but not limited to W-9 forms. Notwithstanding the foregoing, if for any reason the Final

Judgment is reversed or rendered void as a result of an appeal(s), then any Person or firm who

has received such funds shall be liable for payments made pursuant to this subparagraph, and

shall return such funds to the Settlement Fund. Additionally, should any party to the Undertaking

dissolve, merge, declare bankruptcy, become insolvent, or cease to exist prior to the final

payment to Settlement Class Members, that party shall execute a new undertaking guaranteeing

repayment of funds within fourteen (14) days of such an occurrence.

      **8.3**     In recognition of her efforts on behalf of the Settlement Class and in addition to

any settlement payment pursuant to this Agreement, Defendant agrees that the Class

Representative is entitled to be paid from the Settlement Fund an incentive award, in an amount

approved by the Court on the petition of Class Counsel. With no consideration having been given

or received, Plaintiff agrees to seek no more than five thousand dollars ($5,000) from the Court

as the incentive award. Should the Court award less than this amount, the difference in the

amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the

Settlement Fund. Such incentive award shall be paid from the Settlement Fund (in the form of a

check to the Class Representative that is sent care of Class Counsel), within five (5) business

days after entry of the Court's Final Judgment if there have been no objections to the Settlement

Agreement, and, if there have been such objections, within five (5) business days after the

Effective Date.

**9.**     **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL,
CANCELLATION OR TERMINATION.**

      **9.1**     The Effective Date of this Settlement Agreement shall not occur unless and until

each of the following events occurs and shall be the date upon which the last (in time) of the

following events occurs:

(a)     The Parties and their counsel have executed this Agreement;

(b)     The Court has entered the Preliminary Approval Order;

(c)     The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

(d)     The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

9.2     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement.  If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties. Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the incentive award set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

9.3     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1–9.2 above, the Parties shall be restored to their respective

positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

## 10.    MISCELLANEOUS PROVISIONS.

**10.1**    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to

the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**     Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

**(a)**     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

**(b)**     is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**(c)**     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or

the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

      (d)    is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

      (e)    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

      **10.5**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

      **10.6**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

      **10.7**    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

      **10.8**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No

representations, warranties or inducements have been made to any Party concerning this

Settlement Agreement or its Exhibits other than the representations, warranties and covenants

contained and memorialized in such documents. This Agreement may be amended or modified

only by a written instrument signed by or on behalf of all Parties or their respective successors-

in-interest.

**10.9**   Except as otherwise provided herein, each Party shall bear its own costs.

**10.10**   Plaintiff represents and warrants that she has not assigned any claim or right or

interest therein as against the Released Parties to any other Person or Party and that she is fully

entitled to release the same.

**10.11**   Each counsel or other Person executing this Settlement Agreement, any of its

Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and

represents that such Person has the full authority to do so and has the authority to take

appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its

terms.

**10.12**   This Agreement may be executed in one or more counterparts. Signature by

digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement.

All executed counterparts and each of them shall be deemed to be one and the same instrument.

A complete set of original executed counterparts shall be filed with the Court if the Court so

requests.

**10.13**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the

successors and assigns of the Parties hereto and the Released Parties.

**10.14**   The Court shall retain jurisdiction with respect to implementation and

enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of

the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

     **10.15**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Michigan.

     **10.16**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

     **10.17**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Ari J. Scharg, Edelson PC, 350 North LaSalle Street, Suite 1400, Chicago, Illinois 60654; Jacob Sommer, ZwillGen PLLC, 1900 M Street NW, Suite 250, Washington, D.C. 20036.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.<br>SIGNATURE PAGE FOLLOWS]

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: 6/07/2018 , 2018

**CAROLYN PERLIN**

By:_____

Carolyn Perlin, individually and as representative of
the Class

Dated: June 6 , 2018

**TIME INC.**

By:_____

Norbert Kaut, Vice President, Assistant
Secretary

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _____, 2018

**EDELSON PC**

By:_____
Eve-Lynn Rapp
Ari J. Scharg
Benjamin S. Thomassen

*Attorneys for Plaintiff and the Settlement Class*

Dated: _____, 2018

**ZWILLGEN PLLC**

By:_____
Jacob Sommer
Jeffrey Landis

*Attorneys for Defendant*

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____, 2018    **CAROLYN PERLIN**

            By:_____
            Carolyn Perlin, individually and as representative of
            the Class

Dated: _____, 2018    **TIME INC.**

            By:_____

**IT IS SO STIPULATED BY COUNSEL:**

Dated: June 13, 2018    **EDELSON PC**

            By:_____
            Eve-Lynn Rapp
            Ari J. Scharg
            Benjamin S. Thomassen

            *Attorneys for Plaintiff and the Settlement Class*

Dated: _____, 2018    **ZWILLGEN PLLC**

            By:_____
            Jacob Sommer
            Jeffrey Landis

            *Attorneys for Defendant*

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____, 2018      **CAROLYN PERLIN**

     By:_____

     Carolyn Perlin, individually and as representative of
     the Class

Dated: _____, 2018      **TIME INC.**

     By:_____

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _____, 2018      **EDELSON PC**

     By:_____
     Eve-Lynn Rapp
     Ari J. Scharg
     Benjamin S. Thomassen

     *Attorneys for Plaintiff and the Settlement Class*

Dated: 6 / 13 , 2018      **ZWILLGEN PLLC**

     By:_____
     Jacob Sommer
     Jeffrey Landis

     *Attorneys for Defendant*

# Exhibit A

**MAGAZINE SUBSCRIBER PRIVACY SETTLEMENT CLAIM FORM**

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [**CLAIMS DEADLINE**] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT. Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____   State: ____ ____   Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___) ___ ___ ___ – ___ ___ ___ ___ (You may be contacted if further information is required.)

<u>Class Member Verification</u>: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (each box must be checked to receive a payment):

☐ I had a Michigan street address and purchased a subscription to a Time Publication directly from Time Inc., but not through a Time website, between February 19, 2013 and February 19, 2016. Time Publications include: Cooking Light, Coastal Living, Health, Southern Living, Sunset, This Old House, All You, Big Picture, Essence, Edge, Entertainment Weekly, Fortune, Golf, InStyle, Travel & Leisure, Time, Time for Kids, People, People En Español, People Style, Money, Sports Illustrated, Sports Illustrated Kids, Real Simple, Food & Wine, and Wallpaper.

☐ Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____   Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form; if accepted you will be mailed a check for a *pro rata* share of the Settlement Fund depending on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www.[settlement website].com or call [toll free number]**

# Exhibit B

From:  MagazineSettlement@[settlement website].com
To:      JonQClassMember@domain.com
Re:      Legal Notice of Class Action Settlement

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Perlin v. Time Inc.*, Case No. 2:16-cv-10635-GCS-MKM
**(United States District Court for the Eastern District of Michigan)**

This notice is to inform you that a settlement has been reached in a class action lawsuit against magazine publisher Time Inc., who is the Defendant. The class action lawsuit involves whether Time disclosed its customers' magazine subscription information to third parties in violation of Michigan privacy law. Defendant denies any wrongdoing, but has agreed to settle the claims against it.

**Am I included?** You are included if you had a Michigan street address and purchased a subscription to a Time Publication directly from Time Inc., but not through a Time website, between February 19, 2013 and February 19, 2016.

Persons who purchased a subscription through a Time Inc. website, including, for example, People.com, are not included. Most eligible Class Members purchased their subscriptions to Time Publications by mailing in a postcard to Time Inc.

Time Publications include: Cooking Light, Coastal Living, Health, Southern Living, Sunset, This Old House, All You, Big Picture, Essence, Edge, Entertainment Weekly, Fortune, Golf, InStyle, Travel & Leisure, Time, Time for Kids, People, People En Español, People Style, Money, Sports Illustrated, Sports Illustrated Kids, Real Simple, Food & Wine, and Wallpaper.

More information is available at: www.[settlement website].com.

**What do I get?** Defendant has created a Settlement Fund of $7,400,000.00 to pay all valid claims submitted by Settlement Class Members, together with notice and administration expenses, attorneys' fees and costs, and an incentive award to the Class Representative. If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates to be about $25–50 per class member, although the final amount will depend on the number of valid claims submitted. The Settlement also provides that, for a period of two (2) years, Defendant will not disclose any of its Michigan customers' Subscriber Information to any third-parties for marketing purposes without the prior express written consent of the affected subscribers.

**How do I receive a payment?** To receive a payment, you must submit a Claim Form by mail or online. You may submit a Claim Form online at www.[settlement website].com or download a Claim Form from the website and submit it to the Claims Administrator at the address below by mail. You may also request a paper copy of the Claim Form by writing to the Claims Administrator at the address below, or by calling toll-free [1-800-000-0000]. Your completed Claim Form must be submitted online, or postmarked, by [**Claims Deadline**].

**Additional rights.** To get out of the Settlement, you must exclude yourself by [**objection/exclusion deadline**]. If you stay in the Settlement, you will not be able to sue Defendant for any claims released as part of the Settlement. If you disagree with any part of the Settlement and do not exclude yourself, you may object to the Settlement by [**objection/exclusion deadline**]. The Court will hold a hearing on [**Month 00, 2018**] at [**time**] to consider whether to approve the Settlement, Class Counsel's request for attorneys' fees (up to 40% of the Settlement Fund), and a Class Representative incentive award of $5,000. The Court has appointed attorneys Eve-Lynn Rapp, Ari J. Scharg, and Benjamin S. Thomassen of Edelson PC as Class Counsel to represent the Settlement Class. However, you may hire a separate attorney to represent you at your own expense.

**For more information**, including obtaining a more detailed notice, Claim Forms, a copy of the Settlement Agreement and other court documents, please visit www.[settlement website].com, call [1-800-000-0000], or write to the Claims Administrator at [address].

# Exhibit C

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

## OUR RECORDS INDICATE YOU HAVE SUBSCRIBED TO A TIME INC. MAGAZINE AND ARE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

Magazine Subscriber Privacy Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

First-Class
Mail
US Postage
Paid
Permit #__

|||||||||||||||||||||||||
Postal Service: Please do not mark barcode

XXX—«ClaimID»   «MailRec»

«First1» «Last1»
«CO»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

XXX

---

## MAGAZINE SUBSCRIBER PRIVACY SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST
BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.
Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____   State: ____ ____   Zip Code: ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___) ___ ___ ___ − ___ ___ ___ ___ (You may be contacted if further information is required.)
Class Member Verification: By submitting this claim form and checking the boxes below, I declare that I believe I am a member
of the Settlement Class and that the following statements are true (each box must be checked to receive a payment):

☐ I had a Michigan street address and purchased a subscription to a Time Publication directly from Time Inc., but not through
a Time website, between February 19, 2013 and February 19, 2016. Time Publications include: Cooking Light, Coastal Living,
Health, Southern Living, Sunset, This Old House, All You, Big Picture, Essence, Edge, Entertainment Weekly, Fortune, Golf,
InStyle, Travel & Leisure, Time, Time for Kids, People, People En Español, People Style, Money, Sports Illustrated, Sports
Illustrated Kids, Real Simple, Food & Wine, and Wallpaper.

☐ Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and
belief.

Signature: _____   Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form, if accepted you will be mailed a check for a *pro rata* share of the
Settlement Fund depending on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www.[settlement website].com or call [toll free number]**

A settlement has been reached in a class action lawsuit claiming that Defendant magazine publisher Time Inc  disclosed its customers' subscription information to third parties in violation of Michigan privacy law  The Defendant denies it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case

**Am I a Class Member?** Our records indicate you may be a Class Member  Class Members are persons with Michigan street addresses who purchased directly from Time Inc  a subscription to at least one magazine listed on the reverse side of this postcard  Persons who purchased a subscription through a Time Inc  website, including, for example, People com, are not included

**What Can I Get?** If approved by the Court, Defendant will establish a Settlement Fund of $7,400,000 00 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award for the class representative  If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund, estimated at $25–50 per class member  The Settlement requires Defendant to not disclose its Michigan customers' subscription information to third-parties for marketing without the prior express written consent of the affected subscribers for a two-year period

**How Do I Get a Payment?** You must submit a timely and properly completed Claim Form **no later than [claims deadline]**  You may use the Claim Form attached to this Notice or submit one online at www [settlement website] com

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than **[objection/exclusion deadline]**  If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit  You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement  Your written objection must be filed no later than [objection/exclusion deadline]  Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www [settlement website] com  If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments  In addition, your claims relating to the alleged disclosure of subscriber information in this case against the Defendant will be released

**Who Represents Me?** The Court has appointed lawyers Eve-Lynn Rapp, Ari J  Scharg, and Benjamin S  Thomassen from Edelson PC to represent the class  These attorneys are called Class Counsel  You will not be charged for these lawyers  If you want to be represented by your own lawyer in this case, you may hire one at your expense

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____ .m. on [date] at Theodore Levin U S  Courthouse, Room 236, 231 W  Lafayette Blvd , Detroit, Michigan  At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative $5,000 from the Settlement Fund for her services in helping to bring and settle this case  Defendant has agreed to pay Class Counsel attorneys' fees in an amount to be determined by the Court  Class Counsel will seek no more than 40% of the Settlement Fund; the Court may award less than this amount

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www [settlement website] com, contact the settlement administrator at 1-___-___-____ or Magazine Subscriber Privacy Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015

```
NO POSTAGE
NECESSARY
IF MAILED IN
THE UNITED
STATES
```

Magazine Subscriber Privacy Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX

# Exhibit D

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN**
*Perlin v. Time Inc.*, Case No. 2:16-cv-10635-GCS-MKM

**IF YOU PURCHASED A SUBSCRIPTION TO A TIME PUBLICATION BETWEEN FEBRUARY 19, 2013 AND FEBRUARY 19, 2016, YOU MAY BE PART OF A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against magazine publisher Time Inc., who is the Defendant. The class action lawsuit involves whether Time disclosed its customers' subscription information to third parties in violation of Michigan privacy law.

- You are included if you had a Michigan street address and purchased a subscription to a Time Publication directly from Time Inc., but not through a Time website, between February 19, 2013 and February 19, 2016. Time Publications include: Cooking Light, Coastal Living, Health, Southern Living, Sunset, This Old House, All You, Big Picture, Essence, Edge, Entertainment Weekly, Fortune, Golf, InStyle, Travel & Leisure, Time, Time for Kids, People, People En Español, People Style, Money, Sports Illustrated, Sports Illustrated Kids, Real Simple, Food & Wine, and Wallpaper.

- Those included in the Settlement will be eligible to receive a *pro rata* portion of the Settlement Fund, which Class Counsel anticipates to be approximately $25–50 per class member. Time has also agreed that, for a period of two (2) years following Preliminary Approval, it will not disclose any of its Michigan customers' Subscriber Information to any third-parties for marketing purposes without the prior express written consent of the affected subscribers.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.[SETTLEMENT WEBSITE].COM

## BASIC INFORMATION

### 1.  Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable George Caram Steeh, of the U.S. District Court for the Eastern District of Michigan (Detroit), is overseeing this case. The case is known as *Perlin v. Time Inc.*, Case No. 2:16-cv-10635-GCS-MKM. The person who sued is called the Plaintiff. The company that got sued is called the Defendant, which is Time Inc. in this case.

### 2. What is a class action?

In a class action, one or more people called class representatives (in this case, Carolyn Perlin) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

### 3. What is this lawsuit about?

This lawsuit claims that Defendant violated Michigan's Video Rental Privacy Act, M.C.L. § 445.1712 ("VRPA") by disclosing information related to its customers' magazine subscriptions to third parties. The Defendant denies it violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than, if at all, years from now.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court decided that everyone who fits this description is a member of the **Settlement Class**:

All Persons that had Michigan street addresses and purchased a subscription to a Time Publication directly from Time Inc., but not through a Time website, between February 19, 2013 and February 19, 2016. Persons who purchased a subscription through a Time Inc. website, including, for example, People.com, are not included.

Most Class Members purchased their subscriptions to Time Publications by mailing in a postcard to Time Inc. Such postcards typically include discounts off the cover price when buying a subscription.

Time Publications include: Cooking Light, Coastal Living, Health, Southern Living, Sunset, This Old House, All You, Big Picture, Essence, Edge, Entertainment Weekly, Fortune, Golf, InStyle, Travel & Leisure, Time, Time for Kids, People, People En Español, People Style,  Money, Sports Illustrated, Sports Illustrated Kids, Real Simple, Food & Wine, and Wallpaper.

Based on Defendant's records, there are approximately 719,000 potential Class Members.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

***Monetary Relief***: Defendant has created a Settlement Fund totaling $7,400,000.00. Class Member payments, as well as the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees and an award to the Class Representative will also come out of this fund (*see* Question 13).

***Privacy Protections***:  In addition to this monetary relief, for a period of two (2) years following Preliminary Approval, the Defendant has agreed not to disclose any Michigan Subscriber Information to any third-party companies without the prior express written consent of the affected subscribers.

A detailed description of the settlement benefits can be found in the <u>Settlement Agreement</u>. [insert hyperlink]

### 7. How much will my payment be?

If you are member of the Settlement Class you may submit a Claim Form to receive a portion of the Settlement Fund. The amount of this payment will depend on how many of the Settlement Class Members file valid claims. Each Settlement Class Member who files a valid claim will receive a proportionate share of the Settlement Fund, which Class Counsel anticipates will be approximately $25–50. You can contact Class Counsel at 1-866-354-3015 to inquire as to the number of claims filed.

### 8. When will I get my payment?

You should receive a check from the settlement administrator within 60 days after the Settlement has been finally approved and/or after any appeals process is complete.  The hearing to consider the final fairness of the Settlement is scheduled for [**Fairness Hearing Date**.] All checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

### 9. How do I get a payment?

If you are a Class Member and you want to get a payment, you must complete and submit a Claim Form by [**Claims Deadline**]. Claim Forms can be found and submitted on-line or you may have received a Claim Form in the mail as a postcard attached to a summary of this notice. To submit a

Claim Form on-line or to request a paper copy, go to www.[settlement website].com or call toll free, 1-800-000-0000.

We also encourage you to submit your claim electronically. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Class?

If the Settlement becomes final, you will give up your right to sue the Defendant for the claims being resolved by this Settlement. The specific claims you are giving up against the Defendant are described in the Settlement Agreement. You will be "releasing" the Defendant and certain of its affiliates described in Section 1.26 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "court documents" link on this website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Questions 12 & 17 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

### 11. What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in the case?

The Court has appointed Eve-Lynn Rapp, Ari J. Scharg, and Benjamin S. Thomassen of Edelson PC to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 13. How will the lawyers be paid?

The Defendant has agreed to pay Class Counsel attorneys' fees and costs in an amount to be determined by the Court. The fee petition will seek no more than 40% of the Settlement Fund; Class Counsel may ask for and the Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendant has agreed to pay $5,000 to the Class Representative from

the Settlement Fund for her services in helping to bring and settle this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that <u>you want to be excluded</u> from the *Perlin v. Time Inc.*, Case No. 2:16-cv-10635-GCS-MKM settlement. Your letter or request for exclusion must also include your name, your address, the name of the Time publication(s) to which you subscribed, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than **[objection/exclusion deadline]** to:

> Magazine Subscriber Privacy Settlement
> 0000 Street
> City, ST 00000

### 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

### 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you should not submit a Claim Form to ask for benefits because you won't receive any.

## OBJECTING TO THE SETTLEMENT

### 17. How do I object to the Settlement?

If you're a Class Member, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it. The Court will consider your views.  To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Perlin v. Time Inc.*, Case No. 2:16-cv-10635-GCS-MKM and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, the basis upon which you claim to be a Class Member (including the name of the Time Publication to which you are or were a subscriber), the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by **[two weeks prior to objection deadline]**.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in the answer to Question Number 21), you must say so in your letter or brief.  File the objection with the Court and mail a copy to these three different places postmarked no later than **[objection deadline]**.

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Hon George Caram Steeh<br>231 W. Lafayette Blvd.<br>Room 238<br>Detroit, Michigan 48226 | Ari J. Scharg<br>Edelson PC<br>350 North LaSalle St.<br>Suite 1400<br>Chicago, Illinois 60654 | Jacob Sommer<br>ZwillGen PLLC<br>1900 M St. NW<br>Suite 250<br>Washington, D.C. 20036 |

### 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at **[time]** on **Month 00, 2018** in Room 236 at the Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check www.[settlement website].com or call 1-800-000-0000. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### 20. Do I have to come to the hearing?

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it.  You may also pay another lawyer to attend, but it's not required.

## 21. May I speak at the hearing?

Yes.  You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Perlin v. Time Inc.*, Case No. 2:16-cv-10635-GCS-MKM." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]**, and be sent to the addresses listed in Question 17.

## GETTING MORE INFORMATION

## 22. Where do I get more information?

This Notice summarizes the Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.[settlement website].com. You may also write with questions to Magazine Subscriber Privacy Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-866-354-3015, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

# Exhibit E

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

CAROLYN PERLIN, individually and
on behalf of all others similarly situated,

                 Plaintiff,

     v.

TIME INC., a Delaware Corporation,

                 Defendant.

Case No. 2:16-cv-10635

Hon. George Caram Steeh

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS

Plaintiff Carolyn Perlin and Defendant Time Inc. (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Class Counsel and their law firm Edelson PC desire to give an undertaking (the "Undertaking") for repayment of their award of attorney fees and costs, approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned Class Counsel, on behalf of themselves as individuals and as agents of Edelson PC, hereby submit themselves and Edelson PC to the jurisdiction of the Court for the purpose of enforcing the

provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, Edelson PC and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and in the Settlement Agreement.

In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel shall, within thirty (30) days repay to Defendant the full amount of the attorneys' fees and costs paid by Defendant to Class Counsel, including any accrued interest.

In the event the attorney fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, Class Counsel shall within thirty (30) days repay to Defendant the attorneys' fees and costs paid by Defendant to Class Counsel and/or the Class Representative in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon

2

finality of all direct appeals of the Final Settlement Order and Judgment.

In the event Class Counsel fails to repay to Defendant any of attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of Defendant, and notice to Class Counsel, summarily issue orders, including but not limited to judgments and attachment orders against Class Counsel, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulates, warrants, and represents that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of Edelson PC.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile or electronic signature shall be deemed the same as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.
SIGNATURE PAGE FOLLOWS]


3

DATED: June 22 , 2018                    **EDELSON PC**

_____
By: Jay Edelson, individually and
on behalf of Edelson PC

*Attorneys for Plaintiff and the Settlement
Class*

DATED: June \_\_\_, 2018                    **ZWILLGEN PLLC**

_____
By: Jacob Sommer

*Attorney for Defendant*

4

DATED: June ___, 2018          **EDELSON PC**


_____

By: Jay Edelson, individually and
on behalf of Edelson PC

*Attorneys for Plaintiff and the Settlement
Class*


DATED: June 22, 2018          **ZWILLGEN PLLC**


_____

By: Jacob Sommer

*Attorney for Defendant*

4