IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CAROLYN PERLIN, individually and on behalf of the settlement class,<br><br>Plaintiff,<br><br>v.<br><br>TIME INC., a Delaware Corporation,<br><br>Defendant. | Case No. 16-cv-10635<br><br>Hon. George Caram Steeh |

**DECLARATION OF CAROLYN PERLIN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARD AND MOTION FOR FINAL APPROVAL OF THE PARTIES' CLASS ACTION SETTLEMENT**

I, Carolyn Perlin, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an adult over the age of 18 and a resident of the State of Michigan. I am the Class Representative in the lawsuit captioned *Perlin v. Time Inc.*, Case No. 2:16-cv-10635-GCS-MKM, currently pending in the United States District Court for the Eastern District of Michigan. I make this Declaration in support of (i) the Motion for Attorneys' Fees, Expenses, and Incentive Award, and (ii) the Motion for Final Approval of Settlement. The statements made in this Declaration are based on my personal knowledge and, if called as a witness, I could and would testify thereto.

2. I purchased a subscription to *People* magazine directly from Defendant Time Inc. by completing one of its subscription postcards in or around

March 2015.

3. I assisted with my attorneys' investigation by detailing my magazine subscription purchase history. Specifically, I described how I subscribed to *People* magazine and how much I paid. I also informed my counsel that I did not agree in writing or otherwise to allow Defendant to sell or disclose my personal reading information, that I did not receive notice of such disclosures, and that I was unaware of such disclosures entirely.

4. I also worked with my attorneys to prepare the Class Action Complaint and Demand for Jury Trial. I carefully reviewed the Class Action Complaint and Demand for Jury Trial for accuracy and approved it before it was filed on February 19, 2016.

5. During the course of this litigation, I kept in regular contact with my attorneys. Specifically, I conferred with them by phone every month throughout the pendency of the litigation to discuss the status of the case. We also discussed case strategy, motions that were currently pending, and the prospects of settlement. Furthermore, when appropriate, I informed my attorneys of additional facts for their research and consideration.

6. I also assisted my attorneys throughout discovery. In particular, I coordinated with my attorneys to search for documents that we anticipated Defendant would request in formal discovery, such as documents concerning my

*People* magazine subscription purchases and junk mailings I have received from Defendant. I also assisted my attorneys in responding to Defendant's written discovery requests by reviewing my responses for accuracy before issuing them to Defendant. I also worked with my counsel to schedule my deposition in this case, and was prepared to testify at the deposition and at trial, if necessary.

7. My lawyers have kept me informed in regard to their efforts to resolve this matter. I discussed the Class Action Settlement Agreement with them, reviewed it, and gave my approval prior to signing it.

8. Based on the interactions and my relationship with my attorneys, I believe they have fairly and adequately represented me and the Settlement Class and will continue to do so.

9. Throughout this litigation, I understood that, as Class Representative, I have an obligation to protect the interests of other Settlement Class Members and not act just for my own personal benefit. I do not have any conflicts with other Settlement Class Members. I have done my best to protect the interests of other Settlement Class Members and will continue to fairly and adequately represent the Settlement Class to the best of my ability.

10. I estimate that I spent approximately 25 hours working with my lawyers on this case.

I declare under penalty of perjury that the above and foregoing is true and

accurate.

Executed this 23rd day of August 2018 at West Bloomfield, Michigan.

_____
Carolyn Perlin